REUBEN M. SLEDGE v. T. P. JACOBS, ADMINISTRATOR.

1. VENDOR'S LIEN.  *Commissioner's deed.  Bond for purchase-money.  Chancery practice.*

In a suit to enforce the lien specially reserved in a commissioner's deed to land sold under a decree in chancery, it is not a valid objection that the purchaser had given a bond for the purchase-money, under the Code of 1857, upon which default had been made, which entitled the obligees to an execution thereon as upon a judgment at law, and that no execution had been issued.

2. LIMITATION OF ACTIONS. *Absence and non-residence of debtor. Effect thereof.*
Where the obligor in a bond for the payment of money moves out of this State after a cause of action thereon has accrued here, the time of his absence and residence out of this State is not to be taken as any part of the time limited for the commencement of an action on the bond. Code 1871, sect. 2157.

3. SAME. *Death of debtor. Effect thereof.*
If the obligor in a bond for the payment of money die before the expiration of the time limited for an action to be brought thereon, it may be commenced at any time within one year after the issuance of letters testamentary or of administration on the estate of the deceased obligor. Code 1871, sect. 2162.

APPEAL from the Chancery Court of Bolivar County.

Hon. W. G. PHELPS, Chancellor.

Under a decree in chancery enforcing a vendor's lien in favor of the administrator of Mary E. Pope's estate against the administrator of Leland J. Bradley's estate, certain lands were sold by a commissioner to Monroe Cheatham, who gave bond for the purchase-money, as required by the decree, with George R. Long as surety thereon. The bond was due on the 20th of December, 1871. The commissioner's deed specially reserved a lien to secure the payment of the bond. Cheatham sold and conveyed the land to Reuben M. Sledge, who had notice, actual and constructive, of the lien thereon.

Prior to the year 1876, both Cheatham and Long moved out of this State and became permanent residents of some other State; and prior to the 1st of January, 1878, they both died, and no letters testamentary or of administration have been granted on either of their estates.

On the 23d of April, 1880, the bill in this cause was filed by the administrator of the estate of Mary E. Pope against Reuben M. Sledge, to enforce upon the land bought by him the lien reserved in the commissioner's deed, for a balance due on the bond given by Cheatham. Sledge demurred to the bill on the grounds, amongst others not urged in this court, first, that the bill did not show that execution had ever been issued on the bond; and, second, that the suit was barred by the Statute of Limitations. The demurrer was overruled and the defendant appealed.

*Frank Johnston,* for the appellant.

1. It is true that, as a *casus omissus,* a limitation on sealed instruments was omitted from the Code of 1871. But the rules of limitation prescribed in the Code of 1871 were prospective, and not retrospective in their operation. *Caruthers* v. *Hurley,* 41 Miss. 71; *Briscoe* v. *Anketell,* 6 Cushm. 361; *Benson* v. *Stewart,* 1 Geo. 49; *Waul* v. *Kirkman,* 3 Cushm. 609; *Gilcrease* v. *Shelby,* 1 Cushm. 161; *Buckingham* v. *Riggs,* 5 Cushm. 75; 6 Geo. 506; 14 Smed. & M. 127. The Statute of Limitations in the Code of 1871 did not apply to existing causes of action, but only to new contracts and causes of action, and hence the seven years' limitation in the Code of 1857 applied to, and is the law of this contract. Code 1871, sect. 2172.

If I am mistaken in this construction, it is certain that a limitation of seven years was imposed on sealed instruments by the act of April 19, 1873. Acts 1873, p. 42. This act took effect from and after its passage, and the bill in this cause was not filed till seven years and four days thereafter.

2. I ask the court to consider the question whether the appellee ought not to exhaust his personal security before enforcing his lien on the land.

*Nugent & McWillie,* for the appellee.

1. The present proceeding is to enforce the lien retained by the commissioner, under the decree of the court, in his deed to Cheatham, vendor of Sledge. How that could be done otherwise than by a bill to which Sledge, the vendee, was a party defendant, it is difficult to determine. Under the decree and facts of the case, the obligee in the bond, by filing it with the clerk, could have execution, in default of payment, against the obligors, but the lien would still be outstanding and a paramount burden on the land. A judgment against Cheatham and Long would have been of no avail to reach the land, nor would it have operated to displace the lien.

2. The bond became due after the Code of 1871 went into effect. Art. 6, sect. 2, of the Act of Limitation, Code of 1857,

was not carried into the revision of 1871. After October, 1871, there was no limitation as to the time within which suits on bonds could be brought. The statute of seven years as to bonds was not reënacted until August 9, 1873. Acts 1873, p. 42. If sect. 2172 of the Code of 1871 did not refer to or include actions on bonds, our case is impregnable; if it did, then our right of action had not accrued when the Code went into effect, and the old law did not apply to our bond. Code 1871, sect. 8; 49 Miss. 739; 50 Miss. 401.

CAMPBELL, J., delivered the opinion of the court.

The lien is enforceable if the right of action on the bond is not barred.

It is not barred, first, because the time of the absence from and residence out of this State by the obligors since the cause of action accrued is not to be taken as any part of the time limited for the commencement of an action on it (Code 1871, sect. 2157); and, secondly, because, both of said obligors having died before the expiration of the time limited for an action on the bond to be brought, an action might be brought on it at any time within one year after the date of letters testamentary or of administration granted to an executor or administrator of such decedent, and such letters have not yet been granted. Code 1871, sect. 2162.

Decree affirmed, and leave to answer the bill within thirty days after this judgment shall have been certified to the court below.